Mathew K. Higbee, Esq. SBN 241380
Katherine A. Sandoval, Esq. SBN 303656
Amanda M. Fisher, Esq. SBN 312861
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
Phone: (714) 617-8385
Fax: (714) 617-8511
Email: consumeradvocacy@higbeeassociates.com

*Attorneys for Plaintiff*
JANAYA THOMAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAYA THOMAS, an individual<br><br>Plaintiff,<br><br>v.<br><br>IRONGATE ACCOUNT SOLUTIONS LLC, and DOES 1 through 10,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JANAYA THOMAS, for her Complaint against Defendants and each of them, alleges as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who

refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. JANAYA THOMAS (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of IRONGATE ACCOUNT SOLUTIONS LLC (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend her Complaint to allege their true names and capacities when known.

6. Defendants, and DOES 1 through 10, and each of them, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct and their wrongful goals and other wrongdoing complained of herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, each of the defendants, and DOES 1 through 10, acted with an

---

[1] 15 U.S.C. 1692(a)-(e)
[2] Cal. Civ. Code 1788.1 (a)-(b)

1  awareness of its primary wrongdoing and realized that its conduct would substantially assist the
2  accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

### JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

8. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

11. Plaintiff is a natural person who resides in the City of Signal Hill, County of Los Angeles, State of California, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Amherst, County of Erie, State of New York.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant conducted business within the City of Signal Hill, County of Los Angeles, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

16. Plaintiff is informed and believes, and thereon alleges, that Defendants are not

attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff was an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Plaintiff allegedly incurred financial obligations that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

22. On or about June 16, 2017, Defendant began attempting to collect on the alleged debt by calling Plaintiff at (562) 209-5928 from (866) 204-9647. Jacky Smith, an agent of Defendant, left a voicemail that stated, "My name is Jacky Smith, I'm a private courier in the area. I'm calling to notify you of sealed documents that need to be delivered to you today…make sure you have available 2 valid forms of ID as well as a witness to sign off on these, if you need to reverse or reschedule or you have any questions or concerns you may contact the filing party prior to delivery at (866) 204-9647. If I don't locate you for any reason it will be marked down as a direct refusal to comply that will result in further as well as final action. Janaya, consider yourself officially notified." Defendant claimed to be a private courier

and thus violated 15 U.S.C. §1692e(10) as well as California Civil Code § 1788.13(i) by making a false representation concerning the true nature of the business being rendered by the debt collector. Furthermore, Defendant violated 15 U.S.C. §1692e(5) by threatening further action that was not intended to be taken. Because Defendant's actions violated 15 U.S.C. §1692e, Defendant's conduct also violated California Civil Code §1788.17.

23. In November 2016, Plaintiff retained the Law Firm of Higbee & Associates (hereinafter "Higbee") to represent her regarding another debt collection.

24. On or about June 16, 2017, Plaintiff contacted Defendant at (866) 204-9647 and informed them that she was represented by Higbee and any attempt to collect on the alleged debt should be directed to Higbee.

25. On or about June 16, 2017, Defendant called Plaintiff at (562) 209-5928 from (866) 204-9647 attempting to collect on the alleged debt. Defendant knew Plaintiff was represented in connection with the debt, and thus, Defendant's actions violated 15 U.S.C. §1692c(a)(2) as well as California Civil Code § 1788.14(c). Because Defendant's actions violated 15 U.S.C. §1692c, Defendant's conduct also violated California Civil Code §1788.17.

### FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 *et seq.***
**(Against All Defendants)**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

28. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

## SECOND CAUSE OF ACTION

**Violations of the Rosenthal Fair Debt Collection Practices Act**
**§§ 1788-1788.32 (RFDCPA)**
**(Against All Defendants)**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

31. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for

**Fair Debt Collection Practices Act**

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant; and
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

///
///
///
///
///
///

**Rosenthal Fair Debt Collection Practices Act**

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant; and
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

Respectfully submitted this 31 day of October, 2017,

By: **/s/ Katherine A. Sandoval**
Katherine A. Sandoval
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, JANAYA THOMAS hereby demands a trial by jury in the above matter.

Respectfully submitted this 31 day of October, 2017,

By: **/s/ Katherine A. Sandoval**
Amanda M. Fisher
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*